Filed 05/25/21     Case 21-02035     Doc 1

**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile     714-966-1002

Counsel for
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>AME ZION WESTERN EPISCOPAL DISTRICT,<br><br>        Debtor.<br><br>JEFFREY I. GOLDEN, solely in his capacity as chapter 11 trustee of the bankruptcy estate of AME Zion Western Episcopal District,<br><br>        Plaintiff,<br><br>STACCATO KEITHAN POWELL, II, an individual, and SUSAN ELIZABETH NICOLE POWELL, an individual,<br><br>        Defendants. | Case No. 20-23726-A-11<br><br>Chapter 11<br><br>Adv. No.<br><br>**COMPLAINT:**<br><br>  **(1) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE § 3439.04(a)(1);**<br>  **(2) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544 AND CAL. CIV. CODE § 3439.04(a)(2);**<br>  **(3) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544 AND CAL. CIV. CODE § 3439.05; AND**<br>  **(4) RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 550 AND CAL. CIV. CODE § 3439.07;**<br>  **(5) PRESERVATION OF TRANSFER AVOIDED UNDER 11 U.S.C. § 551; and**<br>  **(6) QUIET TITLE** |

1326404.1                                                                                                       COMPLAINT

**TO DEFENDANTS:**

Plaintiff Jeffrey I. Golden, the duly appointed, qualified and acting Chapter 11 trustee ("Trustee") for the bankruptcy estate ("Estate") of AME Zion Western Episcopal District ( "Debtor"), hereby files this complaint: (1) To Avoid Fraudulent Transfer Pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code 3439.04(a)(1); (2) To Avoid Fraudulent Transfer Pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439.04(a)(2); (3) To Avoid Fraudulent Transfer Pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.05; (4) For Recovery of Avoided Transfers Under 11 U.S.C. § 550 and Cal. Civ. Code § 3439.07; (5) Preservation of Transfer for the Benefit of the Estate Pursuant to 11 U.S.C. § 551; and (6) For Quiet Title ("Complaint") against Staccato Keithan Powell, II, an individual, and Susan Elizabeth Nicole Powell, an individual (each a "Defendant" and collectively the "Defendants"), and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1.  The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334, 11 U.S.C. §§ 105, 550 and 551. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

2.  The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding. To the extent the Court does not have constitutional jurisdiction to enter a final judgment, the Plaintiff consents to the Court entering a final judgment in this proceeding.

3.  Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

4.  This adversary proceeding arises out of and relates to the case entitled *In re AME Zion Western Episcopal District,* Case No. 20-23726-A-11, filed on July 30, 2020, and currently pending in the United States Bankruptcy Court, Eastern District of California, Sacramento Division.

## STATEMENT OF STANDING

5.　　Debtor filed a Chapter 11 bankruptcy petition on July 30, 2020 ("Petition Date").

6.　　Plaintiff was subsequently appointed as the duly qualified and acting Chapter 11 trustee of the Debtor's Estate by order entered by the Court on March 1, 2021.

7.　　Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 544 and 550.

## PARTIES TO THE ACTION

8.　　Plaintiff is the duly appointed, qualified and acting Chapter 11 trustee for the Debtor's Estate. This action is brought by Plaintiff in his representative capacity only.

9.　　Plaintiff is informed, believes, and alleges that Staccato Keithan Powell, II is an individual residing in North Carolina with a mailing address of PO Box 124, Hallsboro, North Carolina 28442 and son of Bishop Staccato Powell, former CEO of the Debtor.

10.　　Plaintiff is informed, believes, and alleges that Susan Elizabeth Nicole Powell is an individual residing in North Carolina with a mailing address of PO Box 124, Hallsboro, North Carolina 28442 and daughter of Bishop Staccato Powell, former CEO of the Debtor

## GENERAL ALLEGATIONS

11.　　Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 10 as though fully set forth herein.

12.　　Plaintiff is informed, believes, and alleges that the Debtor did not list the real property located at 681 Honey Hill Road, Hallsboro, North Carolina 28442 ("Property") in its Schedule A/B.

13.　　Plaintiff is informed, believes, and alleges that title to the Property is held in the name of the Defendants, who acquired the Property on February 8, 2018, from Giles Byrd and Son by General Warranty Deed.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000　Fax 714-966-1002

14. Plaintiff is informed, believes, and alleges that on or about January 30, 2018, the Debtor sent a wire transfer in the amount of $50,564.14 to Walter Palmer in connection with a transaction referred to as the "Hallsboro property" ("Wire Transfer").

15. Plaintiff is informed, believes, and alleges that the Wire Transfer was a transfer of the Debtor's funds for the purchase of the Property for the Defendants, relatives of Bishop Staccato Powell, the CEO at that time of the Debtor, and as a result, the Wire Transfer effectively transferred title in the Property from the Debtor to the Defendants ("Transfer").

16. Plaintiff is informed, believes, and alleges that the Debtor received no benefit or consideration in exchange for the Wire Transfer.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(1))**

17. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 16, as though fully set forth herein.

18. Plaintiff is informed and believes and on that basis alleges that the Transfer occurred within four years of the Petition Date.

19. Plaintiff is informed and believes and on that basis alleges that the Transfer was made with the actual intent to hinder, delay or defraud an existing or future creditor of the Debtor. By acquiring the Property in Defendants' name, the Property was protected from claims of creditors of the Debtor.

20. Plaintiff is informed and believes and on that basis alleges that creditors existed at the time of the Transfer that remained unpaid as of the Petition Date.

21. Plaintiff is informed and believes and on that basis alleges that the Debtor made the Transfer to or for the benefit of the Defendants.

22. Plaintiff is informed and believes and on that basis alleges that the Wire Transfer enabled the Property to be acquired by the Defendants, relatives of the Debtor's then-CEO, Bishop Staccato Powell.

23. Plaintiff is informed and believes and on that basis alleges that this Transfer was not disclosed by the Debtor's bankruptcy petition or schedules.

24. Plaintiff is informed and believes, and on that basis alleges that Debtor was insolvent at the time of the Transfer and/or was rendered insolvent by virtue of the Transfer.

25. Plaintiff is informed and believes and on that basis alleges that Debtor did not receive reasonably equivalent value for the Transfer.

26. By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(1).

## SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(2)

27. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 26, as though fully set forth herein.

28. Plaintiff is informed and believes and on that basis alleges that the Transfer was made on behalf of the Defendants, and for the benefit of the Defendants, who did not provide the Debtor with reasonably equivalent value in exchange for the Transfer.

29. Plaintiff is informed and believes and on that basis alleges that the Debtor was insolvent on the date of the Transfer or became insolvent as a result of the Transfer.

30. Plaintiff is informed and believes and on that basis alleges that Debtor intended to incur, or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

31. Plaintiff is informed and believes and on that basis alleges that Debtor received absolutely nothing as a result of the Transfer, and instead gifted the Property to the Defendants by way of the Wire Transfer.

32. By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(2).

///

## THIRD CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.05)

33. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 32, as though fully set forth herein.

34. Plaintiff is informed and believes, and on that basis alleges that Debtor did not receive equivalent value for the Transfer that led to the acquisition of the Property by the Defendants. Defendants own the Property but no payments or other consideration was ever made to the Debtor who made the purchase payment on the Property through the Wire Transfer.

35. Plaintiff is informed and believes, and on that basis alleges that Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

36. By reason of the foregoing, the Transfer is avoidable pursuant is avoidable under 11 U.S.C. § 544 and Cal. Civ. Code § 3439.05.

## FOURTH CLAIM FOR RELIEF

### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550 and Cal. Civ. Code § 3439.07)

37. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 36, as though fully set forth herein.

38. Plaintiff is entitled to avoid the Transfer pursuant to Cal. Civ. Code §§ 3439.04(a)(1), 3439.04(a)(2), and 3439.05.

39. Plaintiff is entitled to recover from Defendants the value of the Property that was obtained as a direct result of the Wire Transfer or such other amount as to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (Preservation of Transfer Avoided Under 11 U.S.C. § 551)

40. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 39 as though set forth in full herein.

41. Pursuant to 11 U.S.C. § 551, if the Transfer is avoided, the Transfer is preserved for the benefit of the Estate.

### SIXTH CLAIM FOR RELIEF

### (Quiet Title)

42. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 41 as though set forth in full herein.

43. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, the Debtor is the rightful owner of the Property.

44. Plaintiff is informed and believes and based thereon alleges that Defendants claim an interest in the Property adverse to the Debtor.

45. Plaintiff seeks a declaration that title to the Property is vested in the name of the Debtor and that Defendants be declared to have no estate, right, title or interest in the subject property and that Defendants be forever enjoined from asserting any estate, right, title, or interest in the Property adverse to the Debtor.

**WHEREFORE**, the Plaintiff prays that this Court enter a judgment against the Defendant as follows:

### On the First Claim for Relief

1. For judgment that the Transfer is avoided and/or providing any other remedy available under applicable law.

### On the Second Claim for Relief

2. For judgment that the Transfer is avoided and/or providing any other remedy available under applicable law.

### On the Third Claim for Relief

3. For judgment that the Transfer is avoided and/or providing any other remedy available under applicable law.

### On the Fourth Claim for Relief

4. For judgment that the Transfer is avoided and/or providing any other remedy available under applicable law.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

### On the Fifth Claim for Relief

6. For judgment avoided and preserving the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 551.

### On the Sixth Claim for Relief

7. For a declaration that title to the Property is vested in the name of the Debtor and that Defendants be declared to have no estate, right, title or interest in the subject property and that Defendants be forever enjoined from asserting any estate, right, title, or interest in the Property adverse to the Debtor.

### On All Claims for Relief

8. For judgment awarding the Plaintiff his costs and attorneys' fees incurred in this proceeding.

9. For judgment awarding pre-judgment and post-judgment interest at the maximum legal rate; and

10. For judgment awarding such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

Dated: May 25, 2021　　　　　　　WEILAND GOLDEN GOODRICH LLP

                                      By: */s/ David M. Goodrich*
                                          DAVID M. GOODRICH
                                          Attorneys for Jeffrey I. Golden,
                                          Chapter 11 Trustee

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000　Fax 714-966-1002

1326404.1　　　　　　　　　　　　　　　8　　　　　　　　　　　　　　　COMPLAINT