20

**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

Counsel for
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>AME ZION WESTERN EPISCOPAL DISTRICT,<br><br>Debtor. | Case No. 20-23726-A-11<br><br>DCN: WGG-3<br><br>Chapter 11<br><br>Adv. No. 21-02035-A-11 |
| JEFFREY I. GOLDEN, solely in his capacity as chapter 11 trustee of the bankruptcy estate of AME Zion Western Episcopal District,<br><br>Plaintiff,<br><br>STACCATO KEITHAN POWELL, II, an individual, and SUSAN ELIZABETH NICOLE POWELL, an individual,<br><br>Defendants. | **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS STACCATO KEITHAN POWELL, II AND SUSAN ELIZABETH NICOLE POWELL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55, AS INCORPORATED BY BANKRUPTCY RULE 7055, AND LOCAL BANKRUPTCY RULE 7055-1; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS OF JEFFREY I. GOLDEN AND DAVID M. GOODRICH IN SUPPORT**<br><br><u>Hearing Date, Time and Location:</u><br><br>DATE: September 13, 2021<br>TIME: 1:30 p.m.<br>CTRM: 501 I Street, 7th Fl.<br>Courtroom 28<br>Sacramento, CA<br><br>Judge: Honorable Fredrick E. Clement |

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Benny v. Piper*, 799 F.2d 489 (9th Cir. 1986) ..... 4

*Bingham McCutchen LLP v. Shanghai ELE Manufacturing Corp.*, 2011 WL 13318955 (C.D. Cal. 2011) ..... 10, 14

*EPD Inv. Co., LLC v. Bank of Am. Corp. (In re EPD Inv. Co., LLC)*, 523 B.R. 680 (9th Cir. BAP 2015) ..... 5

*Ezra v. Seror (In re Ezra)*, 537 B.R. 924 (9th Cir. BAP 2015) ..... 5

*Fair Housing of Marin v. Combs (In re Combs)*, 285 F.3d 899 (9th Cir. 2002) ..... 5

*Fong v. U.S.*, 300 F.2d 400 (9th Cir. 1962) ..... 4

*Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977) ..... 4

*In re Beverly*, 374 B.R. 221 (9th Cir. BAP 2007) ..... 10, 14

*In re ThinkFilm, LLC*, 510 B.R. 266 (C.D. Cal. 2014) ..... 6

*In re United Energy Corp*., 944 F.2d 589 (9th Cir. 1991) ..... 6

*Kupetz v. Wolf*, 845 F.2d 842 (9th Cir. 1988) ..... 6

## Statutes

11 U.S.C. § 544 ..... 2, 5, 7, 16

11 U.S.C. § 546 ..... 7, 11

11 U.S.C. § 548 ..... 2

11 U.S.C. § 550 ..... 2, 15

11 U.S.C. § 551 ..... 2, 16

Cal. Civ. Code § 3439.04 ..... 2, 5, 6, 10, 11, 14, 16

Cal. Civ. Code § 3439.05 ..... 2

Cal. Civ. Code § 3439.08 ..... 10, 14

Cal. Civ. Code § 3439.09 ..... 7, 11

## Rules

Fed. R. Civ. P. 12 ..... 10, 14

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 2

II. FACTUAL BACKGROUND ..... 3

A. STATEMENT OF FACTS ..... 3

1. Pre-Bankruptcy Relevant Facts ..... 3

2. Post-Bankruptcy Filing Relevant Facts ..... 3

III. MEMORANDUM OF POINTS AND AUTHORITIES ..... 4

A. The Standard for Entering Judgment by Default ..... 4

B. Section 544(b)(1) Authorizes Recovery Under California Law ..... 5

C. The Transfer May Be Avoided Under Cal. Civ. Code § 3439.04(a)(1) ..... 5

1. The Transfer was a Transfer of an Interest of Debtor in Property ..... 6

2. The Transfer Was Made Within Four Years Before the Petition Date ..... 7

3. The Transfer Was Made With Actual Intent to Hinder ..... 7

4. The Defendants Have the Burden of Proof on a Good Faith Transferee Affirmative Defense ..... 10

D. The Transfer is a Fraudulent Transfer Pursuant to Cal. Civ. Code § 3439.04(a)(2) ..... 11

1. The Transfer was a Transfer of an Interest of Debtor in Property ..... 11

2. The Transfer Was Made Within Four Years Before the Petition Date ..... 11

3. The Transfer Was Made Without the Debtor Receiving ..... 12

4. The Debtor Engaged In Business Transactions In Which the Remaining Assets of the Debtor Were Unreasonably Small in Relation to the Business or Transaction ..... 12

5. The Debtor Intended to Incur, or Believed or Reasonably Should Have Believed that the Debtor Would Incur, Debts Beyond Its Ability to Pay As They Become Due ..... 13

6. The Defendants Have the Burden of Proof on a Good Faith Transferee Affirmative Defense ..... 14

## TABLE OF CONTENTS (cont.)

**Page**


E. The Transfer is a Fraudulent Transfer Pursuant to Cal. Civ. Code § 3439.05 ..... 14

F. The Trustee May Recover the Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 550 and Should be Preserved for the Benefit of the Estate ..... 15

G. The Avoided Transfer Should Be Preserved for the Benefit Of the Estate ..... 16

H. The Plaintiff is Entitled to Judgment Quieting Title ..... 16

IV. CONCLUSION ..... 17


Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY JUDGE, DEFENDANTS STACCATO KEITHAN POWELL, II and SUSAN ELIZABETH NICOLE POWELL, AND ALL OTHER INTERESTED PARTIES:**

Jeffrey I. Golden, the duly appointed, qualified and acting chapter 11 trustee (the "Trustee" or "Plaintiff") of the bankruptcy estate of AME Zion Western Episcopal District, ("Debtor"), files this *Motion for Entry of Default Judgment Against Defendants Staccato Keithan Powell, II and Susan Elizabeth Nicole Powell Pursuant to Federal Rule of Civil Procedure 55, as Incorporated by Federal Rule of Bankruptcy Procedure 7055, and Local Bankruptcy Rule 7055-1* ("Motion"). In support of the Motion, the Trustee submits the following memorandum of points and authorities and the declarations of Jeffrey I. Golden ("Golden Declaration") and David M. Goodrich ("Goodrich Declaration").

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## I. INTRODUCTION

The Trustee seeks the entry of default judgment against Staccato Keithan Powell, II and Susan Elizabeth Nicole Powell ("Defendants"). The complaint contains six causes of action (1) Avoidance Of Fraudulent Transfer Pursuant To 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439.04(a)(1); (2) Avoidance Of Fraudulent Transfer Pursuant To 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(2); (3) Avoidance Of Fraudulent Transfer Pursuant To 11 U.S.C. § 544 and Cal. Civ. Code § 3439.05; (4) Recovery of Fraudulent Transfer Pursuant To 11 U.S.C. § 550 And Cal. Civ. Code § 3439.07; (5) Preservation of Transfer for the Benefit of the Estate Pursuant to 11 U.S.C. § 551; and (6) Quiet Title ("Complaint").

The Defendants did not answer the Complaint and the Defendants' default has been entered by the Court clerk. As a result of the Defendants' default, the Defendants are deemed to have admitted all of the material allegations in the Complaint. The Trustee seeks an entry of a default judgment against the Defendants.

/ / /

/ / /

/ / /

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## II. FACTUAL BACKGROUND

### A. STATEMENT OF FACTS

#### 1. Pre-Bankruptcy Relevant Facts

On or about January 30, 2018, the Debtor sent a wire transfer in the amount of $50,564.14 to Walter Palmer, closing attorney for Giles Byrd and Son, Inc.[1], in connection with a transaction referred to as the "Hallsboro property" ("Wire Transfer"). A true and correct copy of the Wire Transfer is attached to the *Exhibits to Motion for Default Judgment* ("Exhibits"), filed herewith, as Exhibit "1;" *see* Golden Declaration. Even though the Debtor tendered the purchase price for the acquisition of real property located at 681 Honey Hill Road, Hallsboro, North Carolina ("Property"), the Defendants took title to the Property by General Warranty Deed on February 8, 2018. A true and correct copy of the General Warranty Deed is attached to the Exhibits as Exhibit "2;" *see* Golden Declaration. The Debtor did not receive any consideration from the Defendants in exchange for the Transfer. *See* Goodrich Declaration and Complaint ¶ 16. The Defendants remain the title owners of the Property. See Exhibit "2" to the Exhibits and Golden Declaration.

#### 2. Post-Bankruptcy Filing Relevant Facts

The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on July 30, 2020 ("Petition Date"). On March 2, 2021, the Court entered an order approving the appointment of Jeffrey I. Golden as chapter 11 trustee [Bk. Dkt. 196].

The Debtor did not list the Property in its Schedule A/B nor did the Debtor list the Wire Transfer in its schedules [Bk. Dkts. 31, 45]. A true and correct copy of the Debtor's amended Schedules A/B and Statement of Financial Affairs is attached to the Exhibits as Exhibit "6." *See* Golden Declaration.

---

[1] North Carolina uses "closing attorneys" for real estate transactions instead of escrow companies. *See* Goodrich Declaration and, e.g., https://forhomebuyers.com/raleigh-real-estate-services-to-expect/north-carolina-real-estate-law/why-do-i-need-a-real-estate-attorney-in-north-carolina.

Defendants, Staccato Keithan Powell, II and Susan Elizabeth Nicole Powell are the respective son and daughter of Bishop Staccato Powell, the former CEO of the Debtor. *See* Complaint ¶¶ 9, 10, 15. According to the Debtor's Quickbooks records, neither Defendant was an employee or a creditor of the Debtor. *See* Goodrich Declaration.

On May 25, 2021, the Trustee filed a complaint against the Defendants, commencing adversary case no. 21-02036-A-11 ("Adversary Proceeding"). A true and correct copy of the Complaint is attached to the Exhibits as Exhibit "3;" *see* Goodrich Declaration. On May 25, 2021, a Summons ("Summons") was issued and on June 1, 2021, the Summons and Complaint were served on Staccato Keithan Powell, II and Susan Elizabeth Powell. Proof of service of the Summons and Complaint is attached to the Exhibits as Exhibit "4;" *see* Goodrich Declaration. The Trustee sought entry of default against the Defendants on July 15, 2021, after the time period expired for filing an answer to the Complaint. *See* Goodrich Declaration; *see also* Bk. Dkts. 9 and 11. The Clerk entered each Defendants' default on July 20, 2021. *See* Bk. Dkts. 13 and 15. A copy of each *Notice That Clerk Has Entered Default Against Defendant(s) Under Local Bankruptcy Rule 7055-1(a)* ("Default Notice") are attached collectively as Exhibit "5" to the Exhibits; *see* Goodrich Declaration. The Default Notice requires the Trustee to apply for default judgment within 30 days of entry of the Defendants' default. *Id.*

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Standard for Entering Judgment by Default

Federal Rule of Civil Procedure 55, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7055, provides that the Court may enter judgment by default upon application of the party entitled to the default. On a motion for default judgment, the "[w]ell-pleaded allegations are taken as admitted on a default judgment." *Benny v. Piper*, 799 F.2d 489, 495 (9th Cir. 1986); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Evidence supporting such factual allegations is not required. *See Fong v. U.S.*, 300 F.2d 400, 409 (9th Cir. 1962). Moreover, in granting

default judgments, courts are not required to make detailed findings of fact. *See Fair Housing of Marin v. Combs (In re Combs)*, 285 F.3d 899, 906 (9th Cir. 2002).

**B. Section 544(b)(1) Authorizes Recovery Under California Law**

The Bankruptcy Code permits trustees to attack fraudulent transfers under both federal and state law. Section 544(b)(1) authorizes a trustee to avoid "any transfer of an interest of the debtor in property . . . that is voidable under applicable law." *See EPD Inv. Co., LLC v. Bank of Am. Corp. (In re EPD Inv. Co., LLC)*, 523 B.R. 680, 685 (9th Cir. BAP 2015).

To determine if a transfer is avoidable under applicable law under California, the bankruptcy court must interpret California law. *Ezra v. Seror (In re Ezra)*, 537 B.R. 924, 930 (9th Cir. BAP 2015) (citation omitted). Under California law, fraudulent transfers may be avoided and recovered under the California Uniform Voidable Transfer Act ("UVTA"), California Civil Code §§ 3439–3439.12.

In order to invoke the avoidance power of § 544(b)(1), a creditor holding an unsecured claim allowable under 11 U.S.C. § 502 must have existed at the time of the transfer. The Transfer occurred on February 8, 2018. Pursuant to the Claims Register, unsecured creditors existed as of the date of the Transfer. *See* Exhibit "8." Complaint ¶ 20. Accordingly, the Trustee may avoid the Transfer under the UVTA.

**C. The Transfer May Be Avoided Under Cal. Civ. Code § 3439.04(a)(1)**

California Civil Code § 3439.04(a)(1) provides as follows:

> (a) A transfer made or obligation incurred by a debtor is voidable as to a creditors, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.

The burden of proof for a creditor making a claim under Cal. Civ. Code § 3439.04(a) is the preponderance of the evidence standard. *See* Cal. Civ. Code § 3439.04(c). "Inasmuch as the purpose of California fraudulent conveyance law in no



Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

way differs from that of Bankruptcy Code § 548, the discussion applicable to the first disposes of claims under the latter as well." *Kupetz v. Wolf*, 845 F.2d 842, 845 (9th Cir. 1988); *see also In re ThinkFilm, LLC*, 510 B.R. 266, 274 (C.D. Cal. 2014) ("The federal fraudulent transfer provisions are "similar in form and substance" to California's fraudulent conveyance statutes …") (citing *In re United Energy Corp*., 944 F.2d 589, 594 (9th Cir. 1991)).

As is discussed below, the Trustee can satisfy each element of a claim under Cal. Civ. Code § 3439.04(a) under the preponderance of evidence standard.

**1. The Transfer was a Transfer of an Interest of Debtor in Property**

In order to avoid a transfer, the Trustee must prove by a preponderance of the evidence that a transfer of the debtor's property or interest was made. Cal. Civ. Code § 3439.04(a)(1) and (c). Under Cal. Civ. Code § 3439.01(m), a transfer is defined as:

> "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, license, and creation of a lien or other encumbrance.

The Debtor transferred funds to Walter Palmer, closing attorney for Giles Byrd and Son, Inc., the seller of the Property. *See* Exhibit "1" and Complaint ¶ 14. As noted in footnote 1 above, sellers and buyers in North Carolina commonly use "closing attorneys" instead of escrow companies for the closing of real estate transactions. As a fiduciary for the parties, the closing attorney holds the parties' assets in trust and does not acquire an interest in the assets. Consistent with this standard, Mr. Palmer held the Wire Transfer in trust for the Debtor's benefit.

Subsequently, title to the Property vested in the name of the Defendants. *See* Exhibit "2" and Complaint ¶ 15. The Debtor, however, was the sole contributor of funds for the purchase of the Property and acquired all legal and equitable rights to the Property when its funds were transferred to Giles Byrd and Son, Inc. Instead of title vesting in the

name of the Debtor, the Defendants were listed as the grantees on the General Warranty Deed that was recorded by Mr. Palmer. Hence, the Debtor's legal and equitable interests in the Property were transferred to the Defendants. The transfer of the Debtor's legal and equitable rights to the Property to the Defendants during the closing process constitutes a "transfer" under the board definition of a transfer found in Cal. Civil Code § 3439.01(m).

**2. The Transfer Was Made Within Four Years Before the Petition Date**

In order to avoid a transfer, the Trustee must also prove by a preponderance of the evidence that the transfer or transfers were made within four years of the action being brought to recover the transfer or transfers. Cal. Civ. Code § 3439.09. Under 11 U.S.C. § 546(a), the period for a trustee to avoid a transfer under § 544(b) is extended two years from the order for relief (i.e., petition date). As a result, the trustee may file an action under Cal. Civ. Code § 3439.09 so long as the transfer occurred with the 4-year period preceding the filing of a petition and the action has been filed within the 2-year period provided under 11 U.S.C. § 546(a).

Here, the Transfer occurred on or about February 8, 2018. *See* Exhibit “2.” The Petition Date was July 30, 2020. Accordingly, the Transfers occurred within the 4-year period preceding the bankruptcy filing.

**3. The Transfer Was Made With Actual Intent to Hinder Delay or Defraud a Creditor of the Debtor**

The Trustee must prove through the preponderance of the evidence that the Debtor made the transfer with fraudulent intent. Cal. Civ. Code § 3439.04(a)(1) and (c). Fraudulent intent is a question of fact; proof often consists of inferences from the circumstances surrounding the transfer. *Filip v. Bucurenciu*, 129 Cal. App. 4th, 825 (2005). To determine actual intent, courts frequently consider the so-called "badges of fraud" - i.e., circumstances surrounding the transfer. *Id.*, 834. The badges of fraud have been codified in the following non-exclusive list:

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

(1) Whether the transfer or obligation was to an insider.

(2) Whether the debtor retained possession or control of the property transferred after the transfer.

(3) Whether the transfer or obligation was disclosed or concealed.

(4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

(5) Whether the transfer was of substantially all the debtor's assets.

(6) Whether the debtor absconded.

(7) Whether the debtor removed or concealed assets.

(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

(11) Whether the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

*See* Cal. Civ. Code § 3439.04(b), *Filip* at 834.

The badges of fraud "…do not create a mathematical formula to establish actual intent" and there is no minimum number of factors that must be met. *Filip* at 834.

In this proceeding, several badges of fraud exist. The transfer of the Property was to Bishop Powell's children. Cal. Civ. Code § 3439.01 et seq. does not define the term "insider." In the context of a transfer to an insider, the Ninth Circuit has recognized that "a special relationship between the debtor and the transferee" is one of the "more common circumstantial indicia of fraudulent intent." *Kaisha v. Dodson*, 423 B.R. 888, 901 (N.D. Cal. 2010), citing *In re Acequia, Inc.*, 34 F.3d 800, 806 (9th Cir.1994) (italics omitted) (quoting

*Max Sugarman Funeral Home, Inc. v. A.D.B. Investors*, 926 F.2d 1248, 1254 (1st Cir.1991)). This special relationship can include a "family, friendship, or close associate relationship." *Kaisha* at 901, citing *Max Sugarman Funeral Home*, 926 F.2d at 1254 (quoting *In re May*, 12 Br. 618, 627 (N.D.Fla.1980)).

Bishop Powell was, at all times up to the bankruptcy filing, an officer of the Debtor and in control of the Debtor. The transfer was made to Bishop Powell's children while Bishop Powell was in control of the Debtor. The familial relationship between Bishop Powell and the Defendants is the type of relationship that provides circumstantial evidence of fraudulent intent.

Additionally, the Debtor did not and has not disclosed the Wire Transfer in its schedules or the transfer of the Property to the Defendants. The Trustee learned of the Wire Transfer and delivery of title to the Property to the Defendants through his investigation. Because title has always been held in the Defendants' names, creditors of the Debtor could not have likely discovered the transfer of money and the Property from the Debtor to Bishop Powell's children.

Similarly, the Wire Transfer and acquisition of the Property removed assets from the Debtor's name and concealed these assets from the Debtor's creditors. As noted above, the Wire Transfer and acquisition of the Property could not have been discovered by a creditor without access to the financial records of the Debtor or information voluntarily provided by the Debtor or Bishop Powell. The transaction was and remains concealed from the Debtor's creditors.

The Debtor received no value from the Defendants for the Property. The Debtor does not hold title to the Property and it is not a lienholder. The Debtor received nothing in exchange for the Property from the Defendants. The Debtor did not owe money or property to the Defendants at any point, including before the Transfer occurred. As such, the Debtor received no consideration or value for the Wire Transfer or Property.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Although the Debtor held an interest in a variety of property, the Debtor had no income in 2018. *See* Goodrich Declaration. To fund itself, the Debtor borrowed against the properties it acquired. *Id.* The Debtor had no other source of income and was not able to pay its debts in the ordinary course as they became due. *Id.* A debtor that is generally not paying the debtor's debts as they become due other than as a result of a bona fide dispute is presumed to be insolvent. Cal. Civ. Code § 3439.02(b). The presumption imposes on the party against which the presumption is directed the burden of proving that the nonexistence of insolvency is more probable than its existence. The Defendants, who are in default, present no evidence that the Debtor was paying its debts as they became due. The Debtor is presumed to have been insolvent when the transfer occurred.

Based upon these factors, the Court has sufficient evidence to infer an actual intent to defraud creditors existed at the time of the transfer.

**4. The Defendants Have the Burden of Proof on a Good Faith Transferee Affirmative Defense**

Cal. Civ. Code § 3439.08 provides certain affirmative defenses to an action seeking recovery under Cal. Civ. Code § 3439.04(a)(1). The Court should not, however, consider any potential affirmative defenses of the Defendants because the Defendants have failed to raise affirmative defenses by failing to file a responsive pleading. *See* FRCP 12(h). Moreover, the Defendants have the burden of proof on affirmative defenses available under Cal. Civ. Code § 3439.08. *Bingham McCutchen LLP v. Shanghai ELE Manufacturing Corp.*, 2011 WL 13318955 at *3 (C.D. Cal. 2011), quoting In re Beverly, 374 B.R. 221, 235 (9th Cir. BAP 2007) ("Because section 3439.08 'is a matter of defense and not an essential element of avoidance, the proponent of good faith transferee status has the burden of proof.'"). Because the Defendants have defaulted and failed to raise affirmative defenses, the Defendants have not and cannot establish any affirmative defense.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**D. The Transfer is a Fraudulent Transfer Pursuant to Cal. Civ. Code § 3439.04(a)(2)**

California Civil Code § 3439.04(a)(2) provides as follows:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor either:
>
> (A) Was engaged or about to engage in business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>
> (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debtors beyond his or her ability to pay as they became due.

**1. The Transfer was a Transfer of an Interest of Debtor in Property**

In order to avoid a transfer, the Trustee must prove by a preponderance of the evidence that a transfer of the debtor's property or interest was made. Cal. Civ. Code § 3439.04(a)(2) and (c).

As is discussed in Section C1 above, the transaction that resulted in title to the Property vesting in the Defendants' names constitutes a transfer of an interest of the Debtor in property.

**2. The Transfer Was Made Within Four Years Before the Petition Date**

As is noted above, the Trustee must also prove by a preponderance of the evidence that the transfer or transfers were made within four years of the action being brought to recover the transfer or transfers and within two years of the bankruptcy filing. Cal. Civ. Code § 3439.09 and 11 U.S.C. § 546(a)..

Here, the transfer occurred on February 8, 2018. *See* Exhibit "2." The Petition Date was July 30, 2020. Accordingly, the Transfers occurred within the 4-year period preceding the bankruptcy filing.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**3. The Transfer Was Made Without the Debtor Receiving Reasonably Equivalent Value**

Under Cal. Civ. Code § 3439.04(a), a transfer is avoidable if a debtor made the transfer as follows:

> …
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
>
> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>
> (B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Cal. Civ. Code § 3439.04(a)(2).

The Transfer was made to Defendants without the Debtor receiving any consideration or value. *See* Goodrich Declaration and Complaint ¶¶ 16, 31. The Debtor never owed money or property to the Defendants. The Debtor never received property or money from the Defendants. Meanwhile, the Debtor contributed $50,564.14 for the purchase of the Property and title vested in the names of the Defendants, not the Debtor. Since the Debtor did not receive any consideration, including a lien or interest in the Property, the Debtor did not receive reasonably equivalent value for the transfer.

**4. The Debtor Engaged In Business Transactions In Which the Remaining Assets of the Debtor Were Unreasonably Small in Relation to the Business or Transaction.**

In addition to demonstrating a failure of reasonably equivalent value for a transfer, the Trustee must show that the Debtor: (1) was engaged or was about to engage in a business transaction for which the remaining assets of the debtor were unreasonably

small in relation to the business or transaction, or (2) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.. Cal. Civ. Code § 3439.04(a)(2)(A) and (B).

At the time of the Transfer, the Debtor's business consisted of nothing more than an apparent shell game in which the Debtor encumbered, and often further encumbered, its properties in order to fund its fledging operations and pay off old secured debt. *See* Goodrich Declaration. The Debtor did not have regular income; all "income" was derivative of loans secured against the Debtor's properties. On the other hand, the Debtor had significant expenses in January and February 2018. *See* Exhibit "7" and Goodrich Declaration. The Debtor has never been able to fund any loan it acquired with regular income. Hence, the Debtor was engaged in business transactions in which the Debtor's assets were woefully inadequate to support its long and short-term debts and expenses.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**5. The Debtor Intended to Incur, or Believed or Reasonably Should Have Believed that the Debtor Would Incur, Debts Beyond Its Ability to Pay As They Become Due.**

As noted above, the Trustee must show that the Debtor: (1) was engaged or was about to engage in a business transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or (2) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due. Cal. Civ. Code § 3439.04(a)(2)(A) and (B).

The Debtor had no income in 2018. All "income" of the Debtor was generated from loans. The Debtor's debts and expenses, however, were significant. The Debtor knew, or should have known, it could not pay any of the mortgages or other expenses when they became due unless it continued to borrow money. The Debtor lacked the ability to pay its debts and could not have believed any debt it incurred could be repaid. Accordingly, the

Debtor believe or should have believed that it was incurring debts beyond its ability to pay when they came due.

**6. The Defendants Have the Burden of Proof on a Good Faith Transferee Affirmative Defense**

Cal. Civ. Code § 3439.08 provides certain affirmative defenses to an action seeking recovery under Cal. Civ. Code § 3439.04(a)(2). The Court should not, however, consider any potential affirmative defenses of the Defendants because the Defendants have failed to raise affirmative defenses by failing to file a responsive pleading. *See* FRCP 12(h). Moreover, the Defendants have the burden of proof on affirmative defenses available under Cal. Civ. Code § 3439.08. *Bingham McCutchen LLP v. Shanghai ELE Manufacturing Corp.*, 2011 WL 13318955 at *3 (C.D. Cal. 2011), quoting In re Beverly, 374 B.R. 221, 235 (9th Cir. BAP 2007) ("Because section 3439.08 'is a matter of defense and not an essential element of avoidance, the proponent of good faith transferee status has the burden of proof.'"). Because the Defendants have defaulted and failed to raise affirmative defenses, the Defendants have not and cannot establish any affirmative defense.

**E. <u>The Transfer is a Fraudulent Transfer Pursuant to Cal. Civ. Code § 3439.05</u>**

California Civil Code § 3439.05(a) provides as follows:

> A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Cal. Civ. Code § 3439.05(a)

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

As noted above, an unsecured creditor existed at the time of the transfer and the Debtor received no consideration in exchange for the Property from the Defendants. Moreover, the Debtor was insolvent at the time of the transfer.

As is discussed above, a debtor that is generally not paying the debtor's debts as they become due other than as a result of a bona fide dispute is presumed to be insolvent. Cal. Civ. Code § 3439.02(b). Although the Debtor held an interest in a variety of property, the Debtor had no income in 2018. *See* Goodrich Declaration. To fund itself, the Debtor borrowed against the properties it acquired. *Id.* The Debtor had no other source of income and was not able to pay its debts in the ordinary course as they became due. *Id.* The presumption imposes on the party against which the presumption is directed the burden of proving that the nonexistence of insolvency is more probable than its existence. The Defendants, who are in default, present no evidence that the Debtor was paying its debts as they became due. The Debtor is presumed to have been insolvent when the transfer occurred.

Based upon the foregoing, the transfer of the Property to the Defendants should be avoided pursuant to Cal. Civ. Code § 3439.05.

**F. The Trustee May Recover the Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 550 and Should be Preserved for the Benefit of the Estate**

Section 550 provides as follows:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . 547, 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from--
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.

California Civil Code § 3439.07 provides:

> (a) In an action for relief against a transfer or obligation under this

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

chapter, a creditor, subject to the limitations in Section 3439.08, may obtain:

(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.

Cal. Civ. Code § 3439.07.

As demonstrated above, the Trustee may avoid the Transfer pursuant to Cal. Civ. Code §§ 3439.04(a)(1) and (a)(2), and 3439.05. Thus, the Trustee may recover the Transfer or the value of the Transfer from the Defendants.

**G. The Avoided Transfer Should Be Preserved for the Benefit Of the Estate.**

Section 551 provides that "[a]ny transfer avoided" under § 544 is "preserved for the benefit of the estate."

Should the Court entered judgment avoiding the transfer under § 544(b)(1), the transfer of the Property should be preserved for the benefit of the Estate pursuant to § 551.

**H. The Plaintiff is Entitled to Judgment Quieting Title**

Civil Code §760.020 provides: "(a) An action may be brought under this chapter to establish title against adverse claims to real or personal property or any interest therein." Pursuant to §761.020, the elements of a quiet title claim are:

1. A description of the property that is the subject of the action;

2. The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title;

3. The adverse claims to the title of the plaintiff against which a determination is sought;

4. The date as of which the determination is sought; and

5. A prayer for the determination of the title of the plaintiff against the adverse claims.



Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Here, the description of the Property has been pleaded in the Complaint and is clearly set forth in this Motion. The title of the Plaintiff is also pleaded. The Plaintiff has shown that the Debtor purchased the Property and fraudulently transferred the Property to relatives of Bishop Powell. The Complaint further alleges the Debtor is the rightful owner of the Property. Moreover, the Complaint sought a determination of the Debtor/Estate's rights as of the petition date. Finally, the Complaint requested the Court enter judgment vesting title of the Property in the name of the Debtor and declaring Defendants to have no estate, right, title or interest in the Property and that Defendants be forever enjoined from assert any estate, right, title, or interest in the Property adverse to the Debtor. As such, a sufficient basis for entering judgment on the Plaintiff's quiet title claim exists.

## IV. CONCLUSION

Based upon the foregoing, Trustee respectfully requests that a judgment be entered against the Defendant based upon the causes of action in the Complaint.

Respectfully submitted,

Dated: August 19, 2021 WEILAND GOLDEN GOODRICH LLP

By: */s/ David M. Goodrich*
DAVID M. GOODRICH
Attorneys for Chapter 11 Trustee,
Jeffrey I. Golden